HENSLEY, ADMR., APPELLEE, *v.* HENRY, APPELLANT.
[Cite as Hensley v. Henry (1980), 61 Ohio St. 2d 277.]

(No. 79-455—Decided February 27, 1980.)

278

*Messrs. Wolske & Blue, Mr. Walter J. Wolske, Jr.,* and *Mr. Dennis M. McCarthy,* for appellee.

*Messrs. Porter, Wright, Morris & Arthur, Mr. James E. Pohlman* and *Ms. Roberta Y. Bavry,* for appellant.

WILLIAM B. BROWN, J.   In this cause, we need only determine whether, under Civ. R. 60(B),[1] the trial court could set aside plaintiff's Civ. R. 41(A)(1)(a)[2] voluntary dismissal and then dismiss the action without prejudice under Civ. R. 41(B)(1)[3] for failure to prosecute with due diligence.[4] Defen-

---

[1] In relevant part, Civ. R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:"

[2] Civ. R. 41(A) provides, in part:

"(1) ***[A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial***. Unless otherwise stated in the notice of dismissal***, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim."

[3] In relevant part, Civ. R. 41(B)(1) provides:

dant argues that the trial court could accomplish neither because plaintiff's filing of a Civ. R. 41(A)(1)(a) notice of dismissal divested the court of subject matter jurisdiction;[5] and, alternatively, because plaintiff's dismissal is not a proper predicate for Civ. R. 60(B) relief.

Assuming, *arguendo,* that an effective filing of a Civ. R. 41(A)(1)(a) notice of dismissal does *not* divest the trial court of jurisdiction, cf. *American Cyanamid Co.* v. *McGhee* (C.A. 5, 1963), 317 F. 2d 295, the trial court was nevertheless incompetent to grant plaintiff relief. Civ. R. 60(B) is restrictive in that it permits the court to grant relief only from certain *"final* judgment[s], order[s], or proceeding[s]."[6] (Emphasis added.) Under Civ. R. 41(A)(1), plaintiff's notice of dismissal does not operate "as an adjudication upon the merits" because plaintiff had not previously "dismissed in any court, an action based on * * * the same claim," and because the notice of dismissal did not "otherwise" state that it should so operate. As such, it is not a final judicial determination from which Civ. R. 60(B) can afford relief.[7] See *Hulson* v. *Atchinson, Topeka & Santa Fe Ry. Co.* (N.D. Ill. 1960), 27 F.R.D. 280, 284. Therefore, the trial court erred in setting aside plaintiff's Civ. R. 41(A)(1)(a) notice of dismissal.

The judgment of the Court of Appeals is thus reversed and the cause remanded to the trial court with instructions that it

"Where the plaintiff fails to prosecute * * *, the court * * * on its own motion may, after notice to the plaintiff's counsel, dismiss the action or claim."

Pursuant to Civ. R. 41(B)(3), the judge specified the Civ. R. 41(B)(1) involuntary dismissal to be "without prejudice" and thus prevented it from having a *res judicata* effect.

[4] The trial judge and both counsel assumed that while an involuntary dismissal without prejudice pursuant to Civ. R. 41(B)(1) would invoke the statute of limitations savings clause, R. C. 2305.19, plaintiff's voluntary dismissal pursuant to Civ. R. 41(A)(1)(a) would not. See *Beckner* v. *Stover* (1969), 18 Ohio St. 2d 36.

[5] Defendant does not dispute the court's inherent power to determine its jurisdiction which herein includes, *inter alia,* the power to determine if the filing complied with Civ. R. 41(A)(1)(a).

[6] "Since 'judgment' is defined [in Rule 54(a)] as including a decree and any order from which an appeal lies * * *; and since final judgment is normally appealable, * * * the words 'order, or proceeding' in 60(b) can usually add nothing to what is embraced within the term 'judgment.'" 7 Moore's Federal Practice (2 Ed. 1979) 341, at n. 9, Paragraph 60.27[1].

[7] See, also, *id.,* at page 220, Paragraph 60.18[8].

vacate its Civ. R. 41(B)(1) involuntary dismissal and reinstate plaintiff's Civ. R. 41(A)(1)(a) voluntary dismissal without prejudice.

*Judgment reversed and*
*cause remanded.*

P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, C. J., and HOLMES, J., dissent.

HERBERT, J., not participating.