**HART, Appellant, et al.,**

v.

**JUSTARR CORPORATION, d.b.a. The Terrace at Westside, et al., Appellees.**

[Cite as *Hart v. Justarr Corp.* (1994), 98 Ohio App.3d 673.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930700.

Decided Nov. 16, 1994.

*Arthur P. Anninos,* for appellant.

*Droder & Miller Co., L.P.A., Bradley Powell* and *Edward J. Collins,* for appellee Justarr Corporation, d.b.a. The Terrace at Westside.

*P. Michael McCaulay,* for appellee Abe Fischer.

HILDEBRANDT, Presiding Judge.

Sonja Rae Hart, plaintiff-appellant, and her husband, Richard James Hart, sued Justarr Corporation ("Justarr") and one of its shareholders, Abe Fischer (collectively "defendants-appellees"). Justarr was the parent company that controlled an assisted-living facility, The Terrace at Westside ("Terrace"). Besides being a shareholder of Justarr, Fischer also was a director and officer of the corporation. The basis of the suit was sexual harassment allegedly suffered by Sonja Hart while she was employed as a nursing aide at Terrace. Hart claimed that another Justarr employee, Charles Sherman, committed sexual assault and battery against her. She claimed further that Justarr and Fischer created a hostile employment environment and failed to provide a safe workplace at Terrace. Finally she claimed that Justarr and Fischer committed sexual discrimination against her.

In response to appellees' motion, the trial court granted summary judgment for both Justarr and Fischer. That summary judgment is the subject of this appeal.[1] Sonja Hart's three assignments of error raise two salient issues for review: (1) Was summary judgment in favor of Justarr proper; and (2) Was summary judgment for Abe Fischer proper? [2]

---

**1.** Sonja Hart also brought a claim against Abe Fischer for his own acts of sexual harassment (Count 5). In addition, Richard Hart filed a derivative loss-of-consortium claim against Justarr and Fischer (Count 7). Subsequent to the summary-judgment order, claims five and seven were voluntarily dismissed. Because Richard Hart voluntarily dismissed his loss-of-consortium claim, he is not appealing from a final appealable order and he does not have standing in this appeal. See, generally, *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 15 O.O.3d 283, 400 N.E.2d 1352 (final order); *Ohio Domestic Violence Network v. Pub. Util. Comm. of Ohio* (1992), 65 Ohio St.3d 438, 605 N.E.2d 13 (standing).

**2.** The assignments of error read as follows:
"First Assignment of Error:
"The trial court erred in issuing summary judgment in favor of the defendants and against the plaintiffs because the facts adduced in the record of the case clearly show that the defendants had breached the duty owed to the plaintiffs as there were no efforts to determine the presence of the danger of sexual abuse to Sonja Rae Hart as part of the employment conditions which she was expected to endure.
"Second Assignment of Error:
"The trial court erred in issuing summary judgment in favor of the defendants and against the plaintiffs because there were prior incidents of sexual harassment by Charles Sherman. The record of this case strongly suggests that the defendant had notice of Charles Sherman's lascivious tendencies and harassment towards his female co-workers but failed to act appropriately.
"Third Assignment of Error:
"The court below erred in issuing summary judgment in favor of Abe Fischer and against the plaintiffs because Abe Fischer as president and sole executive officer of Justarr Corporation was an agent of the corporation and by his own admission in charge of all policies and major decisions."

A court may grant summary judgment against a nonmoving party when the evidence under Civ.R. 56(C) shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. The nonmoving party is entitled to have all evidence construed most strongly in its favor. Civ.R. 56(C). Nonetheless, to show a genuine issue of material fact and to avoid summary judgment, the nonmoving party must produce some evidence on each issue for which it bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

 Hart frames her assignments of error around summary judgment on her sexual-harassment claim under *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 575 N.E.2d 428. Under *Kerans*, when an employee suffers workplace sexual harassment from another employee, the victim may bring a suit against her employer. *Id.* at paragraph two of the syllabus; see, also, *Delaney v. Skyline Lodge, Inc.* (1994), 95 Ohio App.3d 264, 642 N.E.2d 395. To avoid summary judgment, the plaintiff must present evidence that the offending employee had a past history of sexually harassing behavior, about which "the employer knew or should have known." *Kerans* at paragraph two of the syllabus. In *Kerans*, the court held that summary judgment was inappropriate when there was evidence in the record that the company management previously had been informed of the offending employee's prior sexual harassment. *Id.* at 493, 575 N.E.2d at 434.

 In this case, the record transmitted for our review, including the depositions and affidavits, shows that Hart informed persons at Justarr of Sherman's alleged harassment. There also is evidence in the record that at least one of those persons was in the "chain of command" and had a direct line of communication to Fischer. Therefore, under *Kerans*, Hart presented evidence to show that Justarr, *vis-a-vis* Fischer, knew or should have known of Sherman's alleged misbehavior. Under Civ.R. 56(C), this evidence is sufficient to make summary judgment for Justarr improper. Therefore, those portions of the assignments of error that contest summary judgment for Justarr are sustained.

 Next, appellant urges that the trial court erred by granting summary judgment for Fischer because he had such complete control over Justarr that he should be liable for Sherman's alleged harassment. As a general rule, a person is not liable for the wrongful acts of third parties. *Littleton v. Good Samaritan Hosp. & Health Ctr.* (1988), 39 Ohio St.3d 86, 92, 529 N.E.2d 449, 455; *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 78, 9 OBR 280, 280–281, 458 N.E.2d 1262, 1263; Restatement of the Law 2d, Torts (1965) 122, Section 315.

Under the doctrine of *respondeat superior,* however, an employer may be liable for the wrongful acts of employees if that person is acting within the scope of employment. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 329, 587 N.E.2d 825, 828–829; Restatement of the Law 2d, Agency (1958) 481, Section 219. Even when the employee is acting outside the scope of employment, the employer, as in *Kerans,* may be liable for the acts of an employee if the employer has the ability and knowledge to control that person. *Kerans,* at paragraph two of the syllabus; Restatement of the Law 2nd, Torts, *supra,* at 125, Section 317(b)(ii).

■ Because of the context in which Hart challenges summary judgment for Fischer, this issue can be brought to a finer point by asking whether a director or officer of a corporation may be liable as an "employer" under the rule of *Kerans.*[3] At least one Ohio court of appeals has held that a supervisor may be liable as an employer in a *Kerans* sexual-harassment case. See, generally, *Seiber v. Wilder* (Oct. 12, 1994), Greene App. No. 94 CA 32, unreported, 1994 WL 558969. For the reasons that follow, we agree.

In *Kerans,* the Ohio Supreme Court reasoned that an "employer has a duty to provide its employees with a safe work environment and, thus, may be independently liable for failing to take corrective action against an employee who poses a threat of harm to fellow employees." *Kerans,* 61 Ohio St.3d at 493, 575 N.E.2d at 433. This policy from *Kerans* is reflected in the Restatement, which states that, in some circumstances, a person has a duty to prevent a wrongdoer from causing harm to a victim. If the person has a special relationship with the wrongdoer, the person may have a legal duty to control the wrongdoer's conduct. Restatement of the Law 2d, Torts (1965) 122, Section 315(a).

In cases cited in *Kerans,* other courts have imposed an individual duty on administrators—who were not the harassers and who were not the employers—to control the actions of persons under their supervision. For example, an employee of the Housing Authority of the city of Americus filed a sexual-harassment claim against the housing authority and against the chairman of its board of commissioners. *Coleman v. Hous. Auth. of Americus* (1989), 191 Ga.App. 166, 167, 381 S.E.2d 303, 304, cited with approval in *Kerans,* 61 Ohio St.3d at 492, 575 N.E.2d at 433, fn. 3. The basis of the claim was harassment by the employee's immediate supervisor. *Coleman,* 191 Ga.App. at 167, 381 S.E.2d at 304. The court refused to hold that, as a matter of law, the chairman could not be liable. It reasoned that the commissioner might be liable because he had failed to show that his authority to employ and retain the harasser was limited to the chairman's collective authority as a member of the board. *Id.* at 172, 381 S.E.2d at 308; see,

---

**3.** This question is distinct from the issue presented when, as in *Kerans,* the supervisor was the harasser.

also, *Hunter v. Allis–Chalmers Corp.* (C.A.7, 1986), 797 F.2d 1417 (finding the issue of individual liability waived on appeal); *Lipsett v. Univ. of Puerto Rico* (C.A.1, 1988), 864 F.2d 881, 901–902 (finding supervisors liable under Section 1983, Title 42, U.S.Code), both cases cited with approval in *Kerans,* 61 Ohio St.3d at 492, 575 N.E.2d at 433, fn. 3.

■ In this case, the evidence is uncontroverted that Fischer had unfettered power—other than his authority as a director and officer—to employ, retain, and dismiss Sherman. He stated that "I'm basically in charge, as far as major decisions," and "I don't think anybody was my right-hand man." Therefore, as in *Coleman,* we cannot say, as a matter of law, that Fischer did not have a duty to control Sherman's alleged sexual harassment. Furthermore, because there is evidence in the record that he knew or had reason to know of the harassment, summary judgment in his favor was improper.

The order of the trial court granting summary judgment for Justarr and Fischer is reversed. This cause is remanded to the trial court for further proceedings consistent with law and the reasoning of this opinion.

*Judgment reversed*
*and cause remanded.*

SHANNON and KLUSMEIER, JJ., concur.