OPINION
This appeal arises out of the decision of the Jefferson County Common Pleas Court which denied appellant Dominic Bianco's motion for relief from judgment.
On January 1, 1997, Jefferson County Prosecutor Stephen Stern filed case number 97-CV-23 on behalf of the county against defendants, the V Companies and VS Architects. The suit was a taxpayer's action pursuant to R.C. 309.12 seeking to recover damages for problems encountered during construction of the county jail complex. In response, the defendants filed a third-party complaint against the Board of County Commissioners. Thereafter, the county sought to amend its complaint to add the City of Steubenville as an indispensable party who had an interest in the jail. A hearing on this motion was held where City Manager Gary DuFour testified that the city was merely a potential tenant of the jail facility. The county then withdrew its joinder motion. The next day, on May 20, 1997, the court released a judgment entry which refused to join the city, holding that the city has no legal or equitable interest in the jail facility. On August 8, 1997, the county and the defendants both voluntarily dismissed their complaints without prejudice. The county stated that it was dismissing its suit because a criminal investigation and a federal civil suit were pending.
In the meantime, appellant had filed a written demand on City Law Director S. Gary Repella asking that he file a declaratory action against the county to establish the city's right to occupy a portion of the county's jail facility. The second floor of the facility was originally designed to house the city police department and municipal court. However, the county and city could not agree on the terms of the lease. Because the Law Director refused to, appellant filed case number 97-CV-461 against the county on October 7, 1997. Pursuant to the authority of R.C. 733.59, appellant represented. the city as a taxpayer. The county moved for summary judgment on various grounds including that the court's May 20 judgment entry on joinder in case number 97-CV-23 was res judicata as to the issues appellant raised in case number 97-CV-461. In response, on November 17, 1997, appellant filed a Civ.R. 60 (B) motion for relief from the May 20 judgment in case number 97-CV-23.
A hearing was held, and on December 9, 1997, the court denied appellant's motion for relief from judgment. The court found that appellant had no standing to file a motion in case number 97-CV-23 because he failed to serve a written request asking that the City Law Director file such motion. The court also held that appellant did not present sufficient grounds for relief from judgment under Civ.R. 60 (B). This timely appeal resulted, wherein appellant contests the denial of his motion for relief from judgment and the court's reasons therefor. However, because there' was no final order representing an adjudication on the merits from which appellant could have sought relief, we need not address appellant "s arguments.
In City of Steubenville ex rel. Bianco v. Jefferson County
(1999), Jefferson App. Nos. 98-JE-8, 98-JE-13, unreported, which we wrote contemporaneously with the within appeal, we held that the court's May 20 judgment entry in case number 97-CV-23 was notres judicata to appellant's taxpayer suit in case number 97-CV-461 because the May 20 entry was vitiated after the case number 97-CV-23 was voluntarily dismissed without prejudice. The above case was the result of appellant's appeal of the summary judgment that was entered against him in case number 97-CV-461. We stated that a Civ. R. 41 (A) voluntary dismissal without prejudice abandons the action. As such, all prior rulings and orders in a case are essentially erased after a case is so dismissed. Id., citing De Ville Photography Inc. v. Bowers (1959), 169 Ohio St. 267; Annotation (1950 and update), 11 A.L.R.2d 1407. See, also,Hensley v. Henry (1980), 61 Ohio St.2d 277 (stating that this type of dismissal is not a proper predicate for Civ.R. 60 (B) relief).
Thus, after case number 97-CV-23 was voluntarily dismissed by the county and the defendants, the judgment entry in that case dealing with joinder became a nullity. Since the May 20 entry is a nullity, there exists no judgment from which appellant or anyone else can seek relief.
For the foregoing reasons, this appeal is dismissed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ Joseph J. Vukovich, Judge