ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
Plaintiff-appellant, Duane Baysinger, appeals from the trial court's denial of his Civ.R. 60(B) motion to vacate judgment. We find no merit to the appeal and affirm.
On January 23, 1997, the plaintiff filed a personal injury action against the defendant-appellee, Home Development, Inc., arising out of injuries he allegedly suffered on stairs that collapsed at the defendant's construction site on May 25, 1996. A trial date was set for March 30, 1998. The record indicates that on March 16, 1998 and again, on March 19, 1998, the case was voluntarily dismissed without prejudice by plaintiff's counsel, Kenneth Turowksi. The dismissal was approximately two months prior to the expiration of the statute of limitations in the plaintiff's personal injury case. Therefore, the plaintiff had approximately two months in which to refile his claim.
Plaintiff attempted to terminate Turowski by letter dated March 13, 1998, which was several days prior to Turowski's filing the voluntary dismissals. The record is silent as to the date Turowski received the letter. Instead of refiling the action, however, the plaintiff hired new counsel, Paul Hoffer, who, on March 15, 1999, filed a motion to vacate the dismissal of the action pursuant to Civ.R. 60(B)(5) and also requested the court to reinstate the action. This was one year after the trial court had dismissed the action. On April 19, 1999, the defendant filed a motion in opposition to the plaintiff's motion to vacate, arguing that a notice of voluntary dismissal is not a final judgment upon which relief could be granted pursuant to Civ.R. 60(B)(5). Plaintiff thereafter terminated Hoffer and hired a third attorney, Jake Hildebrand, who filed a reply brief to the defendant's motion in opposition on July 13, 2000, approximately one year after the motion in opposition was filed.
On July 19, 2000, the trial court denied the plaintiff's motion to vacate finding as follows:
 Plaintiff's motion to vacate dismissal pursuant to CRP 60(B)(5) is denied. First, a Civil Rule 41(A)(1)(a) dismissal is not a final judgment from which a Civil R. 60 B(5) affords relief. Hensley v. Henry (1980), 61 Ohio St.2d 277. Second, plaintiff's counsel mistakenly dismissed the case under 41(A)(1)(a) b/c he thought the savings statute applied. Therefore this motion must be analyzed under Civ.R. 60(B)(1) and not 60(B)(5). The neglect of a client's attorney is imputed to party for purposes of 60(B)(1).
 If attorney engages in malpractice, client remedy is against the attorney for malpractice and 60(B)(5) is not to be used as a substitute for other provisions of Civil Rule 60(B). See Pool Man Inc. v. Rea (Oct. 17, 1995), Franklin 1995, Ohio App. LEXIS 4577 and Argo Plastic v. Cleveland (1984), 15 Ohio St.3d 389.
Plaintiff files a timely appeal from the trial court's order and assigns one assignment of error.
 I. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT UNDER CIV.R. 60(B).
Plaintiff contends that the fact his counsel was no longer his attorney when he filed the motion to dismiss constituted grounds for vacating the dismissal of his action under Civ.R. 60(B)(1) and (5). However, before we can even reach the merits of the defendant's appeal based on that argument, we must first address whether the trial court had jurisdiction upon which to consider the plaintiff's motion to vacate the voluntary dismissal.
The Ohio Supreme Court in Hensley v. Henry (1980), 61 Ohio St.2d 277, addressed this exact issue. The Supreme Court held:
 Unless plaintiff's Civ.R. 41(A)(1)(a) notice of dismissal operates as an adjudication upon the merits under Civ.R. 41(A)(1), it is not a final judgment, order or proceeding, within the meaning of Civ.R. 60(B).
Id. at syllabus.
In the case before us, the voluntary dismissal of the action did not operate as an adjudication upon the merits because plaintiff had not previously dismissed the action. Although the voluntary dismissal was filed twice, once the case was voluntarily dismissed the first time, it was not refiled prior to the subsequent second dismissal. In fact, the second dismissal is a nullity because the case was already dismissed prior to the filing of the second voluntary dismissal. Therefore, pursuant to Hensley, supra, the trial court properly denied the plaintiff's Civ.R. 60(B) motion to vacate the dismissal. See, also, Sayre v. Valley Ford Truck Sales, Inc. (Aug. 17, 2000), Cuyahoga App. No. 76515, unreported.
The dismissal was clearly entered pursuant to Civ.R. 41(A)(1)(a), in spite of plaintiff's contention that the motion was dismissed by the court pursuant to Civ.R. 41(A)(2). The two motions explicitly state that they are motions for voluntary dismissal and were signed by counsel on behalf of plaintiff.
Since the trial court lacked jurisdiction to vacate a non-final order, the remaining arguments raised by the appellant are moot and need not be addressed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ COLLEEN CONWAY COONEY, J.
TIMOTHY E. McMONAGLE, P.J. and KENNETH A. ROCCO, J., CONCUR