OPINION
Peter P. Renaut, third-party defendant-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss his third-party complaint against Donald L. Miller, II, Jan G. Ahrens, and Brown, Todd Heyburn, P.L.L.C. (collectively referred to as "Brown Todd"), third-party defendants-appellees.
In August 1996, Chase Motors, Inc. ("Chase Motors") purchased a 1994 Baja Outlaw boat. Chase Motors is a closely-held corporation owned by Renaut. After purchasing the boat, Renaut's office manager, Jackie Masters, contacted his insurance agent, Craig Humphrey at Cole-Humphrey Insurance Agency ("agency"), to insure the boat. Masters claims she told Humphrey the year, make, and VIN number of the boat and that he would have to contact Renaut for any additional information. Humphrey claims he told Renaut he needed more information about the boat, including its horsepower. He also claims he told Renaut that Progressive Preferred Insurance Company ("Progressive") would not insure boats greater than three hundred fifty horsepower. Humphrey alleged someone later phoned the agency and Vickie Gordon, an employee of the agency, recorded the information on the Property Change and Other Form, which indicated the Baja boat had three hundred thirty horsepower. Humphrey allegedly mailed a Progressive application for insurance to Progressive and to Renaut for his signature, but Renaut did not return the application. Progressive issued an insurance policy for a three hundred thirty horsepower Baja boat with a liability limit of $500,000 and excess coverage of $1,000,000.
In August 1997, Smith and others, with Renaut's consent, took the boat to Lake Cumberland, Kentucky. While Smith was operating the boat, he backed it over Adams, whose leg was amputated. Upon learning of the accident, Renaut contacted Humphrey who told Renaut he needed to sign the application for the insurance policy that had been issued the previous year. Humphrey drove to Columbus and obtained Renaut's signature on the insurance application. However, while investigating the claim, Progressive inspected the boat and discovered it had a horsepower of four hundred fifteen, not three hundred thirty as indicated in the policy. Progressive claimed at the time the policy was issued, its underwriting guidelines prohibited the issuance of policies for single engine boats exceeding three hundred fifty-one horsepower.
On January 16, 1998, Brown Todd filed, on behalf of Progressive, a declaratory judgment action against Renaut in Kenton Circuit Court, Kentucky. Progressive sought to have the policy declared void ab initio based upon the misrepresentation in the insurance policy application. On May 7, 1998, Smith intervened as a defendant in the Kenton action. On November 3, 1998, Smith filed a third-party complaint in Kenton Circuit Court against Humphrey, alleging Humphrey failed to obtain Renaut's signature on the insurance application until after the accident; thus, if Progressive was found not responsible for coverage, Humphrey should be liable for Renaut's failure to properly apply for coverage. After first denying Renaut's motion to dismiss based upon lack of personal jurisdiction, the Kenton court dismissed the action for lack of personal jurisdiction on May 7, 1999.
On August 18, 1999, Adams settled a personal injury action against the insurance carrier for Smith, Nationwide Insurance Enterprises ("Nationwide"), for $1,500,000. Progressive, Renaut, and Chase Motors were not parties to the action between Adams and Smith.
On August 23, 1999, Nationwide filed the present subrogation claim against Humphrey, Renaut (d/b/a Chase Motors, Inc.), and Progressive in Franklin County, Ohio, seeking to recover Progressive's coverage limits. Nationwide claims Progressive materially breached its contract with Renaut or committed fraud by failing to pay the damages sustained by Adams. Nationwide also alleged Humphrey breached his fiduciary duty with Renaut or committed errors and omissions for failing to obtain Renaut's signature on Progressive's application. On September 22, 1999, Nationwide dismissed Renaut and Chase Motors as parties to the action. Progressive moved to set aside the dismissal of Renaut and Chase Motors on January 10, 2000.
However, on November 30, 1999, Progressive filed a third-party complaint in the Nationwide/Progressive action against Renaut, seeking apportionment, contribution or indemnity, and a declaration of rights that the policy was void ab initio. On June 28, 2000, Renaut filed a counterclaim against Progressive and a third-party complaint against third-party defendants Brown Todd. As against Brown Todd, Renaut alleged the following:
 14. * * * Third Party Defendants Miller, Ahrens and Brown, et al., willfully and maliciously filed a declaratory judgment action against Renaut knowing that there was no jurisdiction over him in the Kenton Circuit Court in Kenton County, Kentucky; and * * * Third Party Defendants Miller, Ahrens and Brown, et al., willfully and maliciously filed herein a Motion to Set Aside Voluntary Dismissal of Peter Renaut d/b/a/ Chase Motors, Inc., knowing there was no such entity and no such motion provided for by the Ohio Civil Rules.
* * *
 20. * * * Third Party Defendants Miller, Ahrens and Brown, et al., have willfully and maliciously tortiously interfered with the contractual relationship between Renaut and Humphrey.
* * *
 22. * * * Third Party Defendants Miller, Ahrens and Brown, et al., have willfully and maliciously engaged in civil abuse of process against Peter Renaut.
On September 6, 2000, Brown Todd filed a motion to dismiss pursuant to Civ.R. 12(C). On October 18, 2000, Renaut filed a memorandum contra the motion to dismiss, claiming, among other things, that the motion to dismiss should have been filed pursuant to Civ.R. 12(B)(6), not 12(C), since Brown Todd had not filed an answer to the third-party complaint. Brown Todd filed a reply to the memorandum contra asserting the motion to dismiss was proper under both Civ.R. 12(B)(6) or 12(C) because both utilize the same standard. On November 27, 2000, the trial court dismissed Renaut's third-party complaint against Brown Todd. Renaut appeals the trial court's judgment, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING WITH PREJUDICE THE THIRD PARTY COMPLAINT OF THIRD PARTY DEFENDANT/THIRD PARTY PLAINTIFF PETER RENAUT.
We must first address Brown Todd's motion to strike the following exhibits from Renaut's reply brief: Appendix 1, Progressive's Ohio 1996 Pleasure Boat and Personal Watercraft Insurance Application; Appendix 2, Progressive's Pleasure Boat Program; and Appendix 4, Progressive's Ohio Department of Insurance Filings for 1996 and 1997. Renaut admits in his reply brief that these materials were not before the trial court and are not a part of the record. Clearly, the information and documents were not considered by the common pleas court, and this "court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. We also note that because this court is determining the matter based upon a Civ.R. 12(B)(6) dismissal, we are permitted to review only the complaint filed, thus, the matters contained in the attachments to the reply brief are not under review by this court. Regardless, Brown Todd's motion to strike is granted.
Renaut argues in his sole assignment of error that the trial court erred in dismissing his third-party complaint. Initially, although Brown Todd characterized its motion as a motion to dismiss pursuant to Civ.R. 12(C), a Civ.R. 12(C) motion was premature, as Brown Todd had not filed an answer to the third-party complaint at that time. However, in its reply memorandum, Brown Todd stated that dismissal was also appropriate under Civ.R. 12(B)(6). The trial court did not state under which rule it granted Brown Todd's motion to dismiss. Because it has been held that the same standard of review for both Civ.R. 12(B)(6) and 12(C) is applied at the trial and appellate levels, such distinction could not have been prejudicial to Renaut. See Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 163. The Supreme Court of Ohio has also found that even if a trial court improperly construes a motion to dismiss as being pursuant to Civ.R. 12(C) instead of 12(B)(6), any error is harmless if the reviewing court determines the dismissal was otherwise appropriate under Civ.R. 12(B)(6). See State ex rel. Kaylor v. Bruening (1997),80 Ohio St.3d 142, 144. Finally, because all reasonable presumptions will be indulged in favor of the regularity and legality of proceedings below, a reviewing court presumes the trial court utilized the correct standard. See Cincinnati v. Duhart (1974), 41 Ohio App.2d 127, 129; Columbus v. Soltesz (Sept. 21, 1989), Franklin App. No. 89AP-83, unreported. Therefore, we will proceed to determine whether dismissal was appropriate under Civ.R. 12(B)(6).
Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144; Lin v. Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96, 99. Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Hunt v. Marksman Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 762. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. The court must presume all factual allegations in the complaint are true and construe all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. Bridges v. Natl. Engineering 
Contracting Co. (1990), 49 Ohio St.3d 108, 112. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285. Evidence in any form cannot be considered. Conant v. Johnson (1964),1 Ohio App.2d 133, 135.
In determining whether the trial court erred in granting the motion to dismiss, we must look at the individual claims in Renaut's complaint to see if it appears beyond doubt that he can prove no set of facts entitling him to recovery. Renaut claimed before the trial court and in his reply brief before this court that his first cause of action against Brown Todd in paragraph 14, as quoted above, stated a cause of action for "bad faith" and "third party malpractice." However, in the court below and before this court, Brown Todd interpreted this cause of action as a malicious prosecution claim and framed its arguments accordingly. Despite the inartful drafting, we will construe paragraph 14 as a claim for malpractice against Brown Todd. We will not, though, construe this claim to include a "bad faith" cause of action. Nowhere in paragraph 14 does Renaut refer to "bad faith," and Renaut specifically pled bad faith in a separate cause of action in his complaint but alleged it only against Progressive and not Brown Todd.
Renaut's complaint indicates two separate acts constitute legal malpractice: (1) Brown Todd maliciously filed the declaratory judgment action against him in Kentucky knowing there was no jurisdiction in Kentucky; and (2) Brown Todd maliciously filed a motion to set aside Nationwide's September 22, 1999 voluntary dismissal of Renaut knowing there was no such motion provided by the Ohio Civil Rules. With regard to the "third party malpractice" claim relating to the Kentucky suit, as alleged in paragraph 14 of the complaint, Renaut argues he has sufficiently stated a cause of action upon which relief may be granted. To establish a cause of action for legal malpractice, one must show: (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. Krahn v. Kinney (1989), 43 Ohio St.3d 103, 105. It is also well-established that "[a]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously." Scholler v. Scholler (1984),10 Ohio St.3d 98, paragraph one of the syllabus.
However, under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered his injury was related to the attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney. A "cognizable event" is an event sufficient to alert a reasonable person that in the course of legal representation, the attorney committed an improper act. Wozniak v. Tonidandel (1997), 121 Ohio App.3d 221; Spencer v. McGill (1993), 87 Ohio App.3d 267.
The latest date at which it could be argued the malpractice claim ripened so as to trigger the statute of limitations set forth in R.C.2305.11(A) is May 7, 1999, the date of the judgment dismissing the declaratory judgment action filed by Progressive in Kenton County, Kentucky, for lack of personal jurisdiction. At that time, Renaut knew, or in the exercise of reasonable judgment, should have known that he had a cognizable claim of alleged legal malpractice against Brown Todd. Renaut filed his third party complaint against Brown Todd on June 28, 2000, beyond the one-year period allowed under R.C. 2305.11(A). These dates and facts are all obvious from the face of the complaint. See Steiner v. Steiner (1993), 85 Ohio App.3d 513, 518-519. Therefore, the trial court did not err in finding Renaut can claim no facts that would entitle him to relief on the malpractice claim against Brown Todd on this issue.
In paragraph 14 of his complaint, Renaut also presents a claim that Brown Todd is liable for malpractice for maliciously filing the January 10, 2000 motion to set aside the voluntary dismissal of Renaut, filed by Nationwide, knowing no such motion is provided for by the Ohio Civil Rules. We can see no possible way that Renaut could prove any set of facts that could entitle him to relief under this theory. The January 10, 2000 motion was never ruled upon and was "released"; thus, it is uncertain how the trial court could have addressed the motion. Further, Renaut does not claim he ever responded to the motion or expended any monies in defense of the motion. He also does not allege he suffered any damages in any way by the filing of the motion, which is necessary to maintain a legal malpractice claim. Because Renaut cannot prove this essential element, the trial court did not err.
We also add Nationwide's voluntary dismissal of Renaut pursuant to Civ.R. 41(A)(1) was "without prejudice and otherwise in [sic] on the merits." This may have been a typographical error, as these two phrases are considered mutually exclusive in this context. If Nationwide intended the dismissal to be with prejudice and on the merits, Brown Todd could have properly filed a motion to vacate pursuant to Civ.R. 60(B), which is often referred to as a "motion to set aside," as Brown Todd captioned its motion. See Andy Estates Dev. Corp. v. Bridal (1991), 68 Ohio App.3d 455. However, if the Civ.R. 41(A)(1) voluntary dismissal was without prejudice and not on the merits, Civ.R. 60(B) could not afford relief. Hensley v. Henry (1980), 61 Ohio St.2d 277, 400 N.E.2d 1352, syllabus; see, also, East-West Const. Co., Inc. v. Ohio Dept. of Natural Resources (Dec. 30, 1999), Franklin App. No. 99AP-480, unreported. Notwithstanding, for the foregoing reasons, the trial court did not err in finding Renaut could prove no set of facts entitling him to relief on this claim.
Renaut next argues that the trial court erred in dismissing his claim in paragraph 20 of his complaint, which alleged that Brown Todd willfully, maliciously, and tortiously interfered with the contractual relationship between Renaut and Humphrey. The Ohio Supreme Court first formally recognized a cause of action for tortious interference with a contract in Kenty v. Transamerica Premium Ins. Co. (1995),72 Ohio St.3d 415. In Kenty, the court set forth the elements of such an action as: (1) the existence of a contract; (2) the wrongdoer's knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract's breach; (4) lack of justification; and (5) resulting damages. Id. at 419. In the event a complaint fails to provide allegations regarding each of these elements, the complaint can properly be dismissed for failure to state a claim upon which relief can be granted. Schiavoni v. Steel City Corp. (1999), 133 Ohio App.3d 314, 317.
In the present case, there is a total void in the complaint regarding the existence of any contract between Renaut and Humphrey. Indeed, the complaint alleges Humphrey was merely Renaut's insurance agent and does not give an indication what type of contract may have existed between the two. The only other contractual relationships that may be gleaned from the complaint existed between Renaut and Progressive, Brown Todd and Progressive, and Progressive and Humphrey. In addition, Renault does not provide any allegations regarding how Brown Todd procured the alleged breach. Therefore, we find that paragraph 20 of Renaut's complaint failed to state a claim for which relief could be granted, and the trial court did not err in dismissing such claim.
Renaut next argues the trial court erred in dismissing his cause of action for civil abuse of process as alleged in paragraph 22 of his complaint. The elements of a claim for abuse of process are: (1) a legal proceeding that has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct damage that resulted from the wrongful use of process. Yaklevich v. Kemp, Schaeffer Rowe, Co., L.P.A. (1994), 68 Ohio St.3d 294, paragraph one of the syllabus.
Paragraph 22 contains no allegations explaining how Brown Todd abused the legal process, and as the arguments in Renaut's appellate brief are scant, we are left to speculate. If Renaut is referring to the Kentucky action and his allegation that Brown Todd knew there was no jurisdiction over him in the Kenton Circuit Court, which was pled in relation to his claim for malpractice, his claim for abuse of process cannot lie. Renaut's complaint contained no allegations that the legal proceeding instituted by Brown Todd was "set in motion in proper form and with probable cause." To the contrary, the complaint contained the diametrically opposite allegation that the prior proceeding in Kentucky was initiated improperly and without probable cause because Brown Todd had prior knowledge the Kenton Circuit Court did not have jurisdiction. See Clauder v. Holbrook (Jan. 28, 2000), Hamilton App. No. C-990145, unreported (granting of Civ.R. 12(B)(6) motion proper where the complaint alleging abuse of process plead that the prior proceeding was initiated improperly and without probable cause); Gunaris v. Holiday Lakes Property Owners Assn., Inc. (Feb. 12, 1999), Huron App. No. H-98-032, unreported. The complaint also does not contain any allegations whatsoever as to what the ulterior motive of Brown Todd could have been in filing the declaratory judgment action in Kentucky, the situs of the accident. See Nosker v. Greene County Regional Airport Authority (May 23, 1997), Greene App. No. 96 CA 101, unreported (claim for abuse of process subject to dismissal when party relies only upon general statements in complaint without alleging facts that demonstrate the element of "ulterior purpose").
If Renaut was referring to Brown Todd's filing of the third-party complaint against him on behalf of Progressive in the current litigation in Franklin County, the same reasons supporting dismissal would apply as above. Renaut's argument is that the current third-party complaint against him was initiated in Franklin County with prior knowledge that the claims were false and untenable. See Vitrano v. CWP Limited Partnership (Dec. 22, 1999), Summit App. No. 19516, unreported (Civ.R. 12(B)(6) dismissal proper on abuse of process claim where party maintained that claims in initial complaint were false and not warranted under existing law). The complaint also fails to indicate what ulterior motive Brown Todd could have in filing the third-party action against him in Franklin County, particularly given the underlying action between Nationwide and Progressive was properly filed in this county and Renaut's at least arguable connection to those proceedings. Therefore, we find Renaut's complaint failed to state a claim for abuse of process, and the trial court did not err in dismissing it pursuant to Civ.R. 12(B)(6).
For the reasons set forth above, we find that the trial court did not err in granting Brown Todd's motion to dismiss Renaut's complaint. Renaut's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ____________ BROWN, J.
DESHLER and PETREE, JJ., concur.