DECISION.
{¶ 1} Defendants-appellants, Ronald J. Oliver and Mary G. Oliver, appeal from the judgment of the trial court granting the Civ.R. 60(B)(1) motion for relief from judgment filed by plaintiff-appellee, Homecomings Financial Network, Inc. We reverse.
{¶ 2} In August 1998, the Olivers borrowed $174,250 from Corewest Banc. Corewest assigned the Olivers' note and mortgage to TMS Mortgage, Inc., which later assigned the note and mortgage to Homecomings. In January 2002, Homecomings filed a complaint in foreclosure against the Olivers, alleging that they were in default under the terms of the note and mortgage. Homecomings sought judgment in the amount of all accelerated principal, interest and fees arising from the note, and foreclosure on the mortgage that secured the note. In March 2002, Homecomings filed a notice of voluntary dismissal of its complaint under Civ.R. 41(A)(1)(a).
{¶ 3} In June 2002, the Olivers filed a separate action in common pleas court for a declaration that the same note and mortgage had become unenforceable by operation of the "two dismissal" rule under Civ.R. 41(A)(1). The rule provides, "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." The Olivers asserted that, because Homecomings' assignor, TMS Mortgage, Inc., had filed and voluntarily dismissed an earlier foreclosure action on the same note and mortgage, the dismissal of Homecomings' complaint was a "second dismissal" that operated as an adjudication upon the merits of the claim.
{¶ 4} In response to the filing of the declaratory-judgment action by the Olivers, Homecomings filed a motion for relief from the earlier dismissal. Homecomings requested that the trial court "change the basis of the dismissal" of its action to a dismissal by the court under Civ.R. 41(A)(2), "thereby eliminating any possible application of the `two dismissal' rule."
{¶ 5} In granting relief to Homecomings, the trial court vacated Homecomings' earlier notice of voluntary dismissal filed under Civ.R. 41(A)(1)(a) and dismissed the action by its own order under Civ.R. 41(A)(2). The effect of the trial court's judgment was to defeat the Olivers' claim that Homecomings' voluntary dismissal operated as an adjudication upon the merits of its claim under Civ.R. 41(A)(1).
{¶ 6} On appeal, the Olivers now argue that the trial court erred in granting Homecomings' motion for relief from judgment. A motion for relief from judgment under Civ.R.60(B) is addressed to the sound discretion of the trial court, and we will not disturb its ruling on appeal absent an abuse of the court's discretion.[1]
{¶ 7} The Olivers correctly point out that, as an assignee of the note and mortgage, Homecomings stood in the place of its assignor, TMS Mortgage, Inc., and thereby succeeded to all of the assignor's rights and liabilities.[2] The Olivers claim that because the assignor had previously filed and voluntarily dismissed a foreclosure action on the note and mortgage, the dismissal by Homecomings, the assignee, operated as a second dismissal under Civ.R. 41(A)(1)(a). But the two foreclosure actions involved distinct claims. The actions were based upon different acts of default by the Olivers and involved different rates of interest and different amounts of principal owed.[3] Therefore, we hold that the voluntary dismissal by Homecomings was not a "second dismissal" of the same claim under Civ.R. 41(A)(1).
{¶ 8} The Ohio Supreme Court has held that a trial court is incompetent to grant relief under Civ.R. 60(B) where a plaintiff's notice of dismissal under Civ.R. 41(A)(1) does not operate as an adjudication upon the merits of a claim.[4] The court noted that "Civ.R. 60(B) is restrictive in that it permits the court to grant relief only from certain `final judgment[s], order[s], or proceeding[s].'"[5]
{¶ 9} Because the voluntary dismissal by Homecomings was not an adjudication upon the merits of its claim, the dismissal was "not a final judicial determination from which Civ.R. 60(B) can afford relief."[6]
The trial court abused its discretion by setting aside Homecomings' notice of voluntary dismissal.
{¶ 10} Therefore, we reverse the judgment of the trial court and remand this case with instructions that the trial court vacate its Civ.R. 41(A)(2) dismissal and reinstate Homecomings' Civ.R. 41(A)(1)(a) voluntary dismissal without prejudice.
Judgment reversed and cause remanded.
Doan, P.J., and Painter, J., concur.
[1] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564; Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122.
[2] Inter Ins. Exchange of the Chicago Motor Club v. Wagstaff (1945),144 Ohio St. 457, 59 N.E.2d 373.
[3] See Aames Capital Corp. v. Wells, 9th Dist. No. 20703, 2002-Ohio-1498; Midfed Savings Bank v. Martin (July 13, 1992), 12th Dist. No. CA91-12- 202.
[4] Hensley v. Henry (1980), 61 Ohio St.2d 277, 400 N.E.2d 1352.
[5] Id. at 279.
[6] Id.