[Cite as *Figueroa v. Showtime Builders, Inc.*, 2011-Ohio-2912.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95246**

## MIGUEL A. FIGUEROA, ET AL.

PLAINTIFFS-APPELLEES

vs.

## SHOWTIME BUILDERS, INC., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-597877

**BEFORE:** Celebrezze, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEY FOR APPELLANTS**

David A. Corrado
Skylight Office Tower
Suite 410
1660 West Second Street
Cleveland, Ohio   44113-1454


**ATTORNEY FOR APPELLEES**

Ronald I. Frederick
Ronald Frederick & Associates Co., L.P.A.
1370 Ontario Street
Suite 1240
Cleveland, Ohio   44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendants-appellants, Showtime Builders, Inc. and Charles Zuchowski (collectively "Showtime"), assert that the trial court improperly granted a motion for relief from judgment filed by plaintiffs-appellees, Miguel Figueroa and Zulma Sanchez.   After a thorough review of the record and law, we affirm.

{¶ 2} On October 20, 2005, Showtime, Figueroa, and Sanchez entered into a contract where Showtime agreed to remodel a portion of the couple's home in exchange for $35,000.   Figueroa had several issues with the deal, including the method of financing, and attempted to cancel the contract; he

demanded return of the money he had paid in full and in advance. No resolution was reached, and appellees filed suit on August 3, 2006.

{¶ 3} After various pretrials, the parties agreed to arbitrate the dispute. On January 10, 2008, the trial court continued the case for 90 days to give the parties the opportunity to proceed with arbitration. After this time expired, the parties indicated they had only just chosen an arbitrator, and on April 11, 2008, the trial court dismissed the case without prejudice with the understanding that the parties would proceed to arbitration. This entry states, "THE COURT ORDERED THE CASE STAYED FOR NINETY DAYS ON 01-18-08 TO ALLOW THE PARTIES TO COMPLETE BINDING ARBITRATION AS AGREED UPON. PARTIES HAVE INDICATED THEY HAVE RECENTLY CHOSEN AN ARBITRATOR AND WILL PROCEED WITH BINDING ARBITRATION. CASE IS THEREFORE DISMISSED WITHOUT PREJUDICE PURSUANT TO CIVIL RULE 41(A)(2)."

{¶ 4} As the one-year anniversary of the dismissal without prejudice approached, appellees' attorney contacted Showtime's attorney to choose an arbitrator and expressed dismay that Showtime was dragging out the process. This resulted in an arbitrator finally being chosen. However, soon after, Showtime terminated its attorney and retained new counsel. After almost a year, appellees again sought to commence arbitration, but on December 17, 2009, Showtime's attorney advised them that Showtime no

longer wished to proceed with arbitration and that appellees should refile the claim. He also noted that because appellees had waited so long, their consumer practices claims were barred by the statute of limitations.

{¶ 5} Appellees then filed a motion for relief from judgment on April 22, 2010. On May 13, 2010, the trial court granted appellees' motion and ordered the parties to proceed to arbitration. Showtime then timely appealed.

## Law and Analysis

{¶ 6} Showtime raises three issues for review: (1) Whether the trial court had jurisdiction to rule on a motion for relief from judgment that arose from a dismissal without prejudice; (2) whether appellees satisfied the requirements under Civ.R. 60(B) entitling them to relief; and (3) whether the trial court could order the parties to arbitrate their dispute.

## Dismissal without Prejudice

{¶ 7} Showtime first argues that "[t]he trial court was without jurisdiction to rule on appellees' motion for relief from judgment pursuant to 60(B) as its unconditional judgment entry dismissing the case without prejudice pursuant to Civ.R. 41(A)(2) dismissed the case over two years ago."

{¶ 8} Usually, when reviewing the denial of a motion for relief from judgment, an appellate court applies an abuse of discretion standard of review. *Shuford v. Owens*, Franklin App. No. 07AP-1068, 2008-Ohio-6220, ¶15, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶15. However, this assumes a trial court has jurisdiction to entertain such a motion. Civ.R. 60(B) permits courts to relieve a party only from "a final judgment, order or proceeding." In *Hensley v. Henry* (1980), 61 Ohio St.2d 277, 400 N.E.2d 1352, the Ohio Supreme Court recognized that unless a "notice of dismissal operates as an adjudication upon the merits under Civ.R. 41(A)(1),[1] it is not a final judgment, order or proceeding, within the meaning of Civ.R. 60(B)." Id. at the syllabus.

{¶ 9} Here, there is no indication that the dismissal without prejudice acted as an adjudication upon the merits. As in *Hensley*, "[u]nder Civ.R.41(A)(1), plaintiff's notice of dismissal does not operate 'as an adjudication upon the merits' because plaintiff had not previously 'dismissed

in any court, an action based on * * * the same claim,' and because the notice of dismissal did not 'otherwise' state that it should so operate." Id. at 279, quoting Civ.R. 41(A)(1)(b). Appellees were free to refile their claim.

{¶ 10} However, a trial court retains jurisdiction when it dismisses a case without prejudice and makes such a dismissal conditional. *Klever v. City of Stow* (1983), 13 Ohio App.3d 1, 468 N.E.2d 58. Showtime's case was also dismissed pursuant to Civ.R. 41(A)(2), which states, "a claim shall not be dismissed at the plaintiff's instance except upon order of the court and *upon such terms and conditions as the court deems proper.*" (Emphasis added.) In *Berger v. Riddle* (Aug. 18, 1994), Cuyahoga App. Nos. 66195 and 66200, this court stated, "when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur." Further, "[t]he entering into the settlement agreement constitutes a waiver of the defense of lack of jurisdiction and a consent to jurisdiction solely for the purpose of enforcement of the settlement agreement in the absence of some provision in the agreement itself to the contrary." *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 240, 456 N.E.2d 1309, overruled on other grounds by *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477.

---

[1] A dismissal by the plaintiff.

{¶ 11} Here, the parties entered into an agreement to proceed with arbitration, which, from the trial court's perspective, is indistinguishable from an agreement to settle. The trial court retained jurisdiction through its conditional dismissal entry, and Showtime waived arguing a lack of jurisdiction while it unnecessarily prolonged the arbitration process.

{¶ 12} While a court normally lacks the ability to grant a motion for relief from judgment where the action was terminated by a dismissal without prejudice, here that dismissal was conditional on an event that did not occur. The trial court could then grant appellees relief from that judgment in order to enforce the condition.

## Relief Under Civ.R. 60(B)

{¶ 13} Showtime next argues that "[e]ven if the court finds the trial court had jurisdiction after the case was voluntarily dismissed, appellees' motion for relief from judgment was fatally flawed as it was untimely and failed to establish an entitlement to relief."

{¶ 14} We must now analyze the trial court's decision to determine whether it abused its discretion. *Shuford*, supra. "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the

grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113.

{¶ 15} In order to be afforded relief under Civ.R. 60(B), movants must demonstrate that they possess a meritorious claim or defense. This does not require a demonstration of absolute victory, only the possibility. See *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 67, 479 N.E.2d 879. Here, appellees set forth evidence purporting to show that Showtime violated various consumer protection laws, failed to live up to the terms of a home remodeling contract, and that Showtime overcharged appellees. The trial court heard this evidence and determined that Showtime had a meritorious claim. From the record before us, that determination was not an abuse of discretion.

{¶ 16} Under the next part of the analysis, Showtime must meet one of the categories of relief set forth in the rule. The only avenue within Civ.R. 60(B) left open to appellees given the delay in filing their motion is Civ.R. 60(B)(5). Appellees assert that Showtime had committed a fraud upon the court. This type of fraud "embrace[s] only that type of conduct which defiles the court itself, or fraud which is perpetrated by officers of the court so as to prevent the judicial system from functioning in the customary manner of

deciding the cases presented in an impartial manner." *Hartford v. Hartford* (1977), 53 Ohio App.2d 79, 84, 371 N.E.2d 591, citing, among others, *Serzysko v. Chase Manhattan Bank* (C.A.2, 1972), 461 F.2d 699, certiorari denied 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139. The trial court is in the best position to determine this issue, and its determination should be afforded proper deference. Id. at 85.

{¶ 17} While Showtime argues that it had the legal right to withdraw consent to arbitration at any time prior to the announcement of a decision by the arbitrator,[2] it did not have an absolute right to mislead the court into believing it held a good-faith intention to proceed with arbitration. Appellees put forth evidence of a two-year span of unreturned phone calls, emails, and letters. Appellees argue this demonstrates that Showtime and its prior counsel acted with an intent to deceive the trial court and evidences that Showtime, through counsel, committed a fraud upon the court. The trial court could have properly concluded that this demonstrated a deliberate tactic on the part of Showtime's counsel. This is grounds for application Civ.R. 60(B)(5) and the "fraud upon the court" doctrine specifically mentioned in the Staff Notes to Civ.R. 60(B). There is nothing in the record that demonstrates the trial court abused its discretion in so finding.

---

[2] This assertion is based on one line in *Buyer's First Realty, Inc. v. Cleveland Area Bd. of Realtors* (2000), 139 Ohio App.3d 772, 745 N.E.2d 1069, discussing the history of common law

{¶ 18} Showtime argues that the trial court did not hold a hearing on this motion or that it did not receive proper notice of any hearing. However, this is contradicted by the journal entries in this case indicating that a hearing was held and that Showtime was present through counsel. While no transcript was included in the record, if no hearing was held, as Showtime claims, it could have supplemented the record with an App.R. 9(C) statement of the evidence establishing this fact. In the absence of such a statement, we must conclude that the trial court held a hearing on appellees' motion.

{¶ 19} Relief under Civ.R. 60(B)(5) is limited to motions filed within a "reasonable time." Grounds for relief under Civ.R. 60(B)(5) are not limited to motions filed within one year of the adverse judgment as are those under Civ.R. 60(B)(1) through (3). Therefore, we must determine if the trial court abused its discretion in finding that appellees filed their motion in a reasonable time. *Hartford*, supra.

{¶ 20} Showtime points to the fact that appellees waited two years after the dismissal of the case to file their motion and asserts that the motion was untimely. However, soon after Showtime made it known that it did not wish to proceed with arbitration, appellees filed their motion seeking relief. Because the motion was made very soon after appellees learned of Showtime's refusal to arbitrate, it was, therefore, timely filed.

arbitration, but does not address the tactics of delay used in the present case.

**{¶ 21}** Accordingly, Showtime's second assignment of error is overruled.

### Trial Court's Power to Enforce Agreements

**{¶ 22}** In Showtime's final assignment of error, it asserts that "[t]he trial court erred in ordering the parties to binding arbitration."

**{¶ 23}** The trial court, through its reserved jurisdiction, enforced the agreement of the parties. "Courts are authorized to enforce the terms of their judgments through post-judgment proceedings." *Grace v. Howell*, Montgomery App. No. 20283, 2004-Ohio-4120, ¶11; Civ.R. 70. Here, the trial court ordered the parties to abide by their agreement that was evidenced in the record.[3] The court may enforce such an agreement. See *Berger*, supra. Therefore, the trial court had the ability to enforce the agreement that was made before it and evidenced in the record.

**{¶ 24}** This last assignment of error is overruled.

Judgment affirmed.

It is ordered that appellees recover of said appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[3] Attached to the journal entry staying the case pending arbitration is an agreed entry signed by both parties stating, "[t]he parties to this action, by and through counsel, have agreed to submit this

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR

---

dispute to binding arbitration * * *."