DONOVAN, APPELLANT, *v.* SUNMARK INDUSTRIES, INC. ET AL., APPELLEES.

(No. 45700—Decided August 15, 1983.)

*Mr. Theodore E. Meckler,* for appellant.

*Mr. William A. Viscomi,* for appellees.

PARRINO, J. Plaintiff-appellant, Larry Donovan, filed a complaint October 20, 1980 seeking damages for personal injury arising from an alleged incident October 26, 1978 at the Sunoco gas station located at 4002 Carnegie Avenue, Cleveland. He claimed that an employee of the gas station negligently caused a car to pin appellant against the wall and that physical injuries resulted. Named as defendants were Sunmark Industries, Inc.; Sun Oil Company of Pennsylvania, d.b.a. Sunoco; Richard Adams, proprietor of the station; and Bob Henfield, Inc., the owner of the property. By answer of Sunmark and Sun Oil it was admitted that Bob Henfield, Inc. had a dealer's agreement for the Sunoco station in question.

Defendant-appellee Bob Henfield, Inc. (hereinafter "appellee") filed a motion to stay proceedings in the case due to the pendency of a proceeding under Chapter 11 of the U.S. Bankruptcy Code in the United States District Court. Grant of the stay was requested under Section 362 of the Bankruptcy Code.[1] Appellee had petitioned for Chapter 11 reorganization June 24, 1980. The stay was granted February 2, 1981. No relief from this stay

---

[1] In pertinent part, Section 362 reads:

"(a)   Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3), of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3), operates as a stay, applicable to all entities of—

"(1)   the commencement or continuation, including the issuance or employment of pro-

was ever sought or granted, but the parties continued to file motions and papers with the court.

On May 18, 1981 appellee filed an answer to the complaint and on June 24, 1981 appellee filed an answer to the cross-claim of defendants Sunmark Industries and Sun Oil Company. Further, on September 4, 1981 appellee filed a motion for summary judgment. This motion was overruled by the trial court February 10, 1982, but upon appellee's motion for reconsideration summary judgment was granted in favor of appellee on July 13, 1982. On August 11, 1982 the trial court made a *nunc pro tunc* entry for July 13 stating no just reason for delay.

While the motion for reconsideration was pending, defendants Sunmark Industries and Sun Oil Company filed a motion for summary judgment on their cross-claim against appellee May 26, 1982. This was granted July 13, 1982 but vacated August 11, 1982 on request of defendants Sunmark Industries and Sun Oil Company.

Appellant is before this court on timely notice of appeal from the grant of appellee's motion for summary judgment. Three errors are assigned for review.

I

"I.  It was error for the trial court to grant appellee's motion for summary judgment because this case is subject to a stay order due to appellee's pending bankruptcy proceedings."

This assignment of error is well-taken.

The trial court erred by allowing the lawsuit to go forward in any manner while the automatic stay pursuant to the Bankruptcy Code was in effect. The stay applies to the "continuation * * * of a judicial * * * proceeding against the debtor." Section 362(a)(1), Title 11, U.S. Code. Exceptions are permitted under Section 362(b) but none of the listed exceptions is applicable to the instant case.[2]

cess, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;"

[2] Section 362(b) reads:

"The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3) ), does not operate as a stay—

"(1)  under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

"(2)  under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate;

"(3)  under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title;

"(4)  under subsection (a)(1) of this sec-

tion, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

"(5)  under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

"(6)  under subsection (a) of this section, of the setoff by a commodity broker, forward contract merchant, stockbroker, or securities clearing agency of any mutual debt and claim under or in connection with commodity contracts, as defined in section 761(4) of this title, forward contracts, or securities contracts, as defined in section 741(7) of this title, that constitutes the setoff of a claim against the debtor for a margin payment, as defined in section 741(5) or 761(15) of this title, or settlement payment, as defined in section 741(8) of this title, arising out of commodity contracts, forward contracts, or securities contracts against cash, securities, or other property held by such commodity broker, forward contract merchant, stockbroker, or securities clearing agen-

Further, no relief from the stay was sought under Section 362(d).[3] Therefore, under Section 362(c) the stay remains in effect until appellee's bankruptcy case is closed, dismissed and discharge is granted or denied.[4]

The automatic stay provision of the Bankruptcy Code works as an injunction; it prohibits, with limited exceptions, attempts to reach the assets of the petitioner in bankruptcy while those proceedings are pending. Creditors, including those with contingent claims, are permitted to file their claims with the bankruptcy court. Section 101(4), Title 11, U.S. Code. Actions which are taken in violation of the stay and result in attempted diminution of the debtor's assets are void and may subject the actor to contempt proceedings. *In re Eisenberg* (E.D. N.Y. 1980), 7 Bankr. 683.

In the instant case, however, we have a violation of the stay which resulted in a judgment for the debtor (appellee) and the assets of the estate have not been harmed. Appellee argues on appeal that

since the stay is to protect the petitioner in bankruptcy and not to protect those who claim to have a cause of action against the petitioner that the bankruptcy petitioner should be able to proceed in its own behalf even though the plaintiff may not prosecute his action. Appellee bases this argument, in part, upon the language of Section 362 which states: "[the] continuation * * * of a judicial * * * *proceeding against the debtor* * * *." (Emphasis added.) Appellee states that its motion for summary judgment is not a "proceeding against the debtor" and therefore is not subject to the stay. We find this position to be untenable.

The imposition of the automatic stay prohibits the court from proceeding with the merits of a case pending before it where that action seeks to collect a claim against the bankruptcy petitioner. Sections 362(a)(1) and (6). Any other result would permit the person with the protection of the stay to pursue resolution of the dispute in his favor, as was done here, while tying the hands of the party seeking

---

cy to margin, guarantee, or secure commodity contracts, forward contracts, or securities contracts;

"(7) under subsection (a) of this section, of the commencement of any action by the Secretary of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by said Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

"(8) under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency."

[3] Section 362(d) reads:

"On request a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

"(1) for cause, including the lack of ade-

quate protection of an interest in property of such party in interest; or

"(2) with respect to a stay of an act against property, if—

"(A) the debtor does not have an equity in such property; and

"(B) such property is not necessary to an effective reorganization."

[4] Section 362(c) reads:

"Except as provided in subsections (d), (e), and (f) of this section—

"(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

"(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

"(A) the time the case is closed;

"(B) the time the case is dismissed; and

"(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied."

relief. See *In re Critical Fork Coal Corp.* (W.D. Va. 1982), 18 Bankr. 422.

Therefore, the order granting appellee's motion for summary judgment upon motion for reconsideration should be vacated and further proceedings on the merits held in abeyance pending resolution in the bankruptcy court or relief from the stay.

## II

The second and third assignments of error[5] are rendered moot by our determination of the first assignment of error. As we have determined that no action on the motion should have been taken, the propriety of the action actually taken will not be addressed.

Accordingly, the judgment below is vacated and the cause is remanded for further proceedings at the expiration of the automatic stay pursuant to Section 362, Title 11, U.S. Code.

*Judgment vacated and cause remanded.*

DAY, P.J., and ANN MCMANAMON, J., concur.

---

[5] "II. It was error for the trial court to grant appellee's motion for summary judgment because genuine issues of material fact existed which prevented imposition of summary judgment.

"III. It was error for the trial court to grant or even consider appellee's motion for reconsideration since the Ohio Civil Rules make no provision for a motion for reconsideration."