JOURNAL ENTRY and OPINION
This matter originally came before this court as two separate appeals, numbers 79933 and 80310, though the underlying facts all derive from the same case, Jo-Rene Corp. v. Jastrzebski, Cuyahoga County Common Pleas Case Number 408565. On February 26, 2001, the trial court ruled in favor of plaintiff-appellee in its suit for money damages and replevin of personal property against Connie Jastrzebski ("Jastrzebski") and her solely-owned corporation, RIC-CON, Inc. ("RIC-CON"). After becoming aware that Jastrzebski had filed for bankruptcy before the trial court entered its judgment, the trial court vacated its ruling as to Jastrzebski, but not as to RIC-CON. Appellant then filed an appeal arguing that the trial court erred in denying RIC-CON's motion to vacate the judgment of the trial court (Appeal Case Number 79933). The trial court then granted appellee's motion for appointment of a receiver of the assets of RIC-CON. Appellants appealed this order (Appeal Case Number 80310). On October 21, 2001, this court sua sponte consolidated the two cases for hearing and for disposition. For reasons set forth below, we affirm.
Appellants have brought one assignment of error on each appeal. The two assignments of error are:
 ASSIGNMENT OF ERROR #1 [APP. NO. 79933]: THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT, RIC-CON, INC.'S MOTION TO VACATE THE JUDGMENT OF FEBRUARY 26, 2001.
 ASSIGNMENT OF ERROR #1 [APP. NO. 80310]: THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF-APPELLEE, JO-RENE CORPORATION'S, MOTION FOR APPOINTMENT OF A RECEIVER.
On December 10, 1998, Jastrzebski entered into a purchase agreement with appellee to buy appellee's restaurant business, its equipment and its liquor licenses for $46,000. The purchase agreement provided that Jastrzebski would place $20,000 in escrow and that the appellee would finance the remaining amount. The parties also entered into a management agreement whereby Jastrzebski would manage the restaurant until transfer of the liquor licenses. On December 24, 1998, Jastrzebski assigned her interest in the purchase to RIC-CON, an Ohio corporation solely owned by Jastrzebski. RIC-CON thereby assumed all liabilities and obligations of Jastrzebski under the purchase agreement.
On May 25, 2000, appellee filed suit in Cuyahoga County Common Pleas Court for replevin and money damages. The suit was brought against Connie Jastrzebski dba Battaglia's II Restaurant and against RIC-CON, Inc. dba Battaglia's II Restaurant. In the complaint, appellee alleged that it had received no consideration for the purchase of the restaurant business as required under the purchase agreement. Appellee sought return of the business and $46,000 plus interest. On the same day, appellee filed a motion for possession of personal property (replevin), seeking an order of possession of the property from the court. A hearing on the matter was set for June 14, 2000. Counsel was then granted leave to amend its replevin motion. In the amended complaint and motion, appellee added an attachment, which consisted of a list of equipment it sought returned. A new hearing date was set for July 28, 2000.
Appellants filed an answer, counterclaim and a third-party complaint on September 7, 2000. In their counterclaim, appellants alleged that appellee made material misrepresentations about the financial state of the business. Appellants claimed losses in excess of $75,000 and sought compensatory and punitive damages in excess of $25,000.
A telephonic pretrial conference was scheduled for February 6, 2001. Appellants' lawyer failed to appear and the pretrial was rescheduled for February 26, 2001. The court further ordered, that should "defendant" fail to appear, an ex parte trial shall be conducted at that time. On February 26, 2001, neither appellants nor their attorney appeared and so the ex parte trial was conducted. In its entry of judgment filed February 26, 2001, the court granted judgment in favor of appellee in the principal amount of $46,000 with interest at 10% per annum from the date of judgment. Further, the court dismissed with prejudice the appellants' counterclaim and third-party complaint.
On March 1, 2001, Jastrzebski, through new counsel, filed with the trial court a notification of filing of bankruptcy and grant of automatic stay. Jastrzebski notified the court that on February 23, 2001, she filed a petition in bankruptcy court seeking relief, styled In re: Connie AnnJastrzebski, Debtor and assigned case number 01-11446. The bankruptcy court entered an order of relief that, pursuant to 11 U.S.C. § 362, stays any other action. On June 12, 2001, the common pleas court granted in part appellants' motion to vacate the court's judgment of February 26, 2001. The court vacated the judgment as to Jastrzebski only in that she had filed Chapter 7 bankruptcy before the trial court's judgment. The court did not vacate the judgment as to RIC-CON. Appellants filed a notice of appeal to this judgment on July 10, 2001.
On July 27, 2001, appellee filed with the trial court a motion for the appointment of receiver to liquidate the assets of the business of RIC-CON and to apply those assets toward appellee's judgment. On August 29, 2001, the trial court granted appellee's motion and appointed a receiver to take and keep possession of the liquor license and to collect RIC-CON's property for liquidation. The court also granted the receiver authority to liquidate such property found to be assets of RIC-CON. Appellants filed a notice of appeal to this order on September 28, 2001.
As stated above, by a sua sponte order of this court, the two appeals arising from this matter have been consolidated for hearing and disposition.
 ASSIGNMENT OF ERROR #1 [APP. NO. 79933]: THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT, RIC-CON, INC.'S MOTION TO VACATE THE JUDGMENT OF FEBRUARY 26, 2001.
Appellants assert essentially two arguments here: (1) that the court erred in denying RIC-CON's motion to vacate because the court's judgment violated the bankruptcy stay; and (2) that RIC-CON is entitled to relief under Civ.R. 60(B)(5) in that RIC-CON's attorney abandoned his representation. We will address each argument in turn and, for the reasons set forth below, we find that appellants' arguments lack merit.
 I. A.
"To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GET AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150-51.
Further, "To merit Civ.R. 60(B) relief, a movant must set forth operative facts which would warrant relief from judgment. (Citation omitted.) The movant is not required to submit documentary evidence to support its contention that it can meet the GTE test. (Citation omitted.) `However, the movant must allege operative facts with enough specificity to allow the court to decide whether it has met that test.' (Citation omitted.)" Gore v. First Nat'l. Supermarkets (Aug. 31, 2000), Cuyahoga App. No. 77026, unreported at 6-7.
Finally, "[a]lthough relief from judgment under Civ.R. 60(B) is within the discretion of the trial court, a trial court abuses its discretion if it denies such relief where the movant has demonstrated all three factors." Gore at 6. Therefore, the applicable standard of review is one of abuse of discretion. See Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77
("A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.").
 B.
Here, appellants have filed the motion to vacate timely. They filed their motion to vacate on June 11, 2001, roughly three and one-half months after judgment was entered by the trial court. Civ.R. 60(B)(5) merely requires that a motion made under the rule be made "within a reasonable time." Again, the trial court entered judgment on February 26, 2001. Jastrzebski filed a notification of filing of bankruptcy and grant of automatic stay with the trial court on March 1, 2001. The docket shows that no action was taken by the trial court in response to this motion. Appellants, this time together, then filed their motion to vacate on June 11, 2001, which the court granted to Jastrzebski only. Their motion to vacate was filed within a reasonable time.
 C.
Secondly, appellants have brought forth a meritorious defense. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 20. Here, appellants attached to the motion the automatic stay of the bankruptcy court. They also attached the affidavit of Jastrzebski, who is the sole shareholder and chief operating officer of RIC-CON[1]. In the affidavit, Jastrzebski states that the appellee materially misrepresented the restaurant's sales to be in excess of $1,000 per week, upon which she relied when she purchased the restaurant. Further, Jastrzebski states that sales were about half of what appellee represented and that she was fraudulently induced to purchase the restaurant based on appellee's misrepresentation. The attached affidavit of Raymond Neyman, who acted as real estate agent for appellee during the sale of the restaurant, confirms that agents of appellee informed him that the gross weekly sales were in excess of $1,000. Therefore, appellants have brought forth sufficient facts to at least present a defense, which is all that is required.
 D.
Finally, we must determine whether appellants are "entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)." GETAutomatic, supra. Appellants argue (1) that the trial court rendered its ruling under a mistake of fact, to wit, the court erroneously failed to apply the automatic stay to both appellants, and that, therefore Civ.R. 60(B)(1) applies; and (2) that the abandonment by their attorney constitutes inexcusable neglect and that under the catch-all provision of Civ.R. 60(B)(5), appellant RIC-CON is entitled to relief. We will take the two arguments in turn.
 1.
Appellants argue that the denial of their motion to vacate the judgment of February 26, 2001 was in error because it violated the bankruptcy stay. Specifically, the appellants argue that the partial vacate order ignored the fact that RIC-CON was a co-defendant of Jastrzebski; that the two parties were jointly and severally liable; and that they should be treated as a single entity for purposes of debtor's protection because the debtor and the nonbankrupt party [should] be considered as a single entity or as having a unitary interest such that "the debtor's protection must be extended to enjoin litigation against the nondebtor." (Appellant Br. 18, citing A.H. Robins Co., Inc. v. Piccinin (C.A.4 1986), 788 F.2d 994
and In the Matter of S.I. Acquisition, Inc. (C.A.5 1987), 817 F.2d 1142.)
In effect, appellants here seek two incompatible rules of law: protection against personal liability for Jastrzebski under the corporate formalities and protection against corporate liability for RIC-CON because of the bankruptcy stay applicable to Jastrzebski personally. Appellants are, in effect, seeking to pierce the corporate veil in reverse. Jastrzebski herself seeks to have the corporation deemed her alter ego so that the bankruptcy protection she enjoys will be applied to her corporation.
Jastrzebski is correct in her assertion that some courts have extended the automatic stay to nondebtor co-defendants when special circumstances exist. See, e.g., A.H. Robins Co., Inc. v. Piccinin (C.A.4 1986),788 F.2d 994. But, although we find appellants' argument disingenuous and legally inconsistent, this court ultimately does not have the authority to grant the relief sought by appellants. "[R]equests for such relief can only be presented to the bankruptcy court." Patton v. Bearden (C.A.6 1993), 8 F.3d 343, 349.
In Patton, general partners of a bankrupt partnership sought to have the partnership's stay applied to them personally. The Sixth Circuit rejected their argument: "This Court sees no reason to ignore the formal distinctions between the partners and the partnership in this case. Because the partners are jointly and severally liable, [the plaintiff's] action operates against individual assets of the partners, not partnership assets." Patton at 349. The Sixth Circuit continued, "Indeed, `the stay of § 362 is extremely broad in scope * * * and should apply to almost any type of formal or informal action against the debtor or the property of the estate. * * * [The stay] does not extend, however, to separate legal entities such as corporate affiliates, partners in debtor partnerships or to co-defendants in pending litigation.'" Id. (quoting 2 Collier on Bankruptcy P362.04 (1993)).
The Sixth Circuit addressed the issue of those "special circumstances" that may allow extension of the stay to nondebtor co-defendants: "It should be noted that such extensions, although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." Id.
Again, the jurisdiction for granting appellant Jastrzebski's request for an extension of the automatic stay rests with the bankruptcy court. See McLeod v. McLeod (Dec. 14, 2000), Cuyahoga App. No. 77300, unreported ("[S]tate courts cannot modify an automatic stay because bankruptcy matters are to be handled exclusively in a federal forum" (emphasis added), citing Gruntz v. Cty. of Los Angeles (C.A.9 2000), 202 F.3d 1074).
Therefore, the trial court did not render its judgment under a mistake of a fact. The automatic stay applies only to Jastrzebski unless and until the bankruptcy court decides differently. We find that the trial court did not abuse its discretion.
 2.
Secondly, RIC-CON is arguing that it is entitled to relief under Civ.R. 60(B)(5), which allows relief for "any other reason justifying relief from judgment." RIC-CON argues that this provision applies to both the trial court's failure to apply co-appellant Jastrzebski's bankruptcy stay to RIC-CON and to RIC-CON's attorney abandoning representation. The former matter was disposed of above. We now turn to RIC-CON's second argument.
RIC-CON's second argument is that relief is due because its attorney abandoned representation. RIC-CON argues that its attorney's failure to appear at what turned out to be an ex parte trial was inexcusable neglect. Further, RIC-CON argues it did not appear at the hearing because its attorney informed its sole shareholder and chief executive officer (co-appellant Jastrzebski) that she did not need to appear if she filed for bankruptcy. RIC-CON then states that its attorney did not inform it that he would not appear at the hearing.
In support of its argument, RIC-CON cites to the Second District's decision in Whitt v. Bennet (2d Dist. 1992), 82 Ohio App.3d 792, which held that an attorney's failure to comply with a discovery order when he is in possession of discoverable materials and his failure to attend a hearing on a motion to dismiss after proper notice is inexcusable neglect and therefore falls under Civ.R. 60(B)(5). The court in Whitt also held that the rule imputing to the client the conduct of the attorney is not necessarily applicable to situations that fall under Civ.R. 60(B)(5). This court has generally adopted this rule as it applies to Civ.R. 60(B)(5). See Savage v. Goda (Oct. 26, 2000), Cuyahoga App. Nos. 77473, 77486, unreported; Rowe v. Metropolitan Property Cas. Ins. Co. (Apr. 29, 1999), Cuyahoga App. No. 73857, unreported. Therefore, although, the attorney's conduct need not be imputed to his client when the situation falls under Civ.R. 60(B)(5), the rule is not absolute. An attorney's conduct may be imputed to his client when the client shows facts that place the analysis under Civ.R. 60(B)(5). See Savage, supra.
Here, RIC-CON's attorney failed to attend a pretrial scheduled for February 6, 2001. The court filed a journal entry rescheduling the hearing for February 26, 2001 and further stating that an ex parte trial would be held if "defendant" failed to appear. Jastrzebski states in her affidavit that the attorney informed her that so long as she filed for bankruptcy before February 26, 2001, she did not need to appear at the pretrial hearing. What this tells us is that Jastrzebski, personally and as agent of RIC-CON, knew about the hearing. Further, "[p]arties are expected to keep themselves informed of the progress of their case," and "a trial court's journal entry provides constructive notice to the parties of scheduled dates of hearings or trial." Savage, supra, at 5.
Here, Jastrzebski clearly knew that a hearing was scheduled for February 26, 2001. Further, the docket clearly shows that the court would hold an ex parte trial if appellants failed to show up. Jastrzebski was on constructive notice of the trial court's order. Finally, Jastrzebski in her affidavit states that she received notice that her attorney "sometime after February 13, 2001" would be filing a motion for permission to withdraw as her attorney. The docket shows that her attorney filed this motion on February 21, 2001.[2] Jastrzebski further states in her affidavit that her attorney's motion to withdraw did "not indicate that [her attorney] was attempting to withdraw as counsel for [her] corporation, RIC-CON, Inc." Jastrzebski continues in her affidavit that she "filed on behalf of myself personally, a voluntary bankruptcy petition" (emphasis added).
In sum, Jastrzebski knew that she and her corporation were separate legal entities; that a hearing in the matter, in which both she and her corporation were named as defendants, was scheduled for February 26, 2001; that, previous to this hearing, she received notice that her attorney was going to attempt to be withdrawn from representing her personally; and that she personally filed for bankruptcy and that RIC-CON did not. Jastrzebski then expects this court to believe that she did not understand that her personal petition in bankruptcy would not affect the status of her corporation in the suit and that she fully expected her attorney to appear at least on behalf of her corporation. At the very least, Jastrzebski should have placed a phone call to see what her attorney was planning to do and, if nothing came of that, then should have appeared at the hearing on behalf of her corporation.
We find that RIC-CON cannot escape the failings of her agent. Here, RIC-CON's attorney's conduct is imputed to it, through the inaction of RIC-CON's agent Jastrzebski. "[K]eeping this suit alive merely because * * * [[appellant]] should not be penalized for the omissions of [its] own attorney would be visiting the sins of * * * [[appellant's]] lawyer upon the * * * [[appellee]]." GTE Automatic, supra, at 152, citingLink v. Wabash R. R. Co. (1962), 370 U.S. 626, 634, fn 10. Appellants' claim is not well taken.
 E.
Appellants also claim that the trial court erred by not holding a hearing pursuant to Civ.R. 42(B) before proceeding against RIC-CON separately. The trial court, however, did not proceed against RIC-CON separately at the February 26, 2001 hearing. At that hearing, and pursuant to its earlier order, the trial court held an ex parte hearing against both Jastrzebski and RIC-CON. Judgment was rendered against both of them. After the judgment was entered, Jastrzebski notified the trial court that she had filed for bankruptcy and was entitled to an automatic stay. After appellants' motion to vacate, the trial court vacated the judgment as to Jastrzebski only. Because there never was a separate hearing, this argument lacks merit.
 ASSIGNMENT OF ERROR #1 [APP. NO. 80310]: THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF-APPELLEE, JO-RENE CORPORATION'S, MOTION FOR APPOINTMENT OF A RECEIVER.
Because we find that the trial court did not abuse its discretion in denying in part appellants' motion to vacate, we find that the trial court properly continued the matter as it related to RIC-CON. Therefore, the sole remaining issue for determination here is whether the court erred in appointing a receiver.
 II. A.
Appellants argue that appellee failed in its burden of proof for the appointment of a receiver. Specifically, appellants argue that appellee has not shown by clear and convincing evidence that the appointment of a receiver will be necessary to preserve the rights of appellee; that appellee has not met the statutory requirements of R.C. 2735.01 in that the trial court's decision to grant in part appellants' motion to vacate does not constitute a final appealable order, i.e., final judgment; that the appointment of a receiver violates the automatic stay; and that the appointment of a receiver will diminish the assets of Jastrzebski.
 B.
We will address the latter two arguments first. For the reasons given above, the trial court properly denied RIC-CON's motion to vacate judgment. Further, Jastrzebski and RIC-CON are separate legal entities. The appointment of a receiver does not violate the automatic stay. Finally, as it relates to the stay, appellants' reliance on Donovan v.Sunmark Industries, Inc. (8th Dist. 1983), 10 Ohio App.3d 219, is misplaced. While Donovan stands for the proposition that the automatic stay "prohibits * * * attempts to reach the assets of the petitioner in bankruptcy while those proceedings are pending," the language clearly states that the assets of the petitioner in bankruptcy are protected — not those of a nondebtor co-defendant. Appellants' arguments here are not well taken.
 C.
Moving to the statutory requirements, appellants argue that the appointment of a receiver was improper because there was no final judgment in that the claim against appellant Jastrzebski is stayed. Appellants' argument is not well taken. First, the appointment of a receiver is a final appealable order. Jamestown Village Condominium Owners Ass'n. v.Market Media Research, Inc. (8th Dist. 1994), 96 Ohio App.3d 678, 689. Further, a order is final and may be reviewed when it is an "order that vacates * * * a judgment[.]" R.C. 2505.02(B)(3).
 D.
We next consider whether the receiver was properly appointed. Appellants properly point out that the party requesting the appointment of a receiver must show by clear and convincing evidence that the appointment is necessary for the preservation of that party's rights. SeeATAC Corp. v. Shetty (Feb. 13, 1997), Cuyahoga App. Nos. 70865, 70904, unreported. Appellee based its motion for appointment of a receiver on the fact that appellee had received a judgment against RIC-CON.
The applicable law was stated by this court:
 The appointment of a receiver is the exercise of an extraordinary, drastic and sometimes harsh power which [the court] possesses and is only to be exercised where the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury. (Citation omitted.) Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights. (Citation omitted.)
 It has long been recognized that the trial court is vested with sound discretion to appoint a receiver. (Citation omitted.)
* * *
 The order for an interim receiver may be reviewed only for the purposes of determining whether there is evidence tending to prove the facts essential to sustain the order, and a reviewing court may not consider the weight of the evidence. (Citation omitted.) Such an order may be reversed only when there is failure of proof which would be essential to support the order, and the order may not, in any event, be reversed upon the weight of the evidence. (Citation omitted.)
Equity Ctrs. Development Co. v. South Coast Ctrs., Inc. (8th Dist. 1992), 83 Ohio App.3d 643, 649-650. See, also, Shetty, supra.
Here, we find that there is evidence tending to prove the facts essential to sustain the order. First, an ex parte trial was held on February 26, 2001 after which judgment was entered in favor of appellee. The rights of the parties were determined. Further, appellee attached documents, including the original purchase agreement, to its motion for appointment of a receiver that tend to support its position. This court cannot take into consideration the weight of the evidence. We conclude that the trial court did not abuse its discretion in appointing a receiver. Appellants' second assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] Of course, since Jastrzebski assigned her rights under the purchase agreement to RIC-CON, RIC-CON succeeds to all the rights of Jastrzebski. See, e.g., Inter Ins. Exchange v. Wagstaff (1945), 144 Ohio St. 457. Therefore, RIC-CON may raise any defense that Jastrzebski could have raised.
[2] This motion was denied on March 2, 2001 (after the court's judgment of February 26, 2001) as moot.