This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Carpet Gallery of Akron, Inc. ("Carpet Gallery"), appeals from the decision of the Summit County Court of Common Pleas. We reverse and remand.
This action pertains to a contract between Sponseller Builders, Inc. ("Sponseller"), a contractor, and Carpet Gallery, wherein Carpet Gallery supplied and installed floor covering on the property of D. Alan and Tiffani Bloniarz ("Bloniarz"). On August 17, 2001, Carpet Gallery filed a complaint, asserting: (1) foreclosure of a mechanic's lien on the Bloniarz property, (2) breach of contract against Sponseller, (3) unjust enrichment against Bloniarz, and (4) violations of R.C. 1311.14 and5301.232. against The Home Savings and Loan Co. ("Home Savings"), the mortgage lender to Bloniarz. In the complaint, Carpet Gallery additionally named as defendants three other parties (the "three parties") who were also alleged to have an interest in the Bloniarz property.
In response to the complaint, each of the aforementioned three parties individually filed an answer and cross-claim, asserting that they each also had a mechanic's lien on the property, a breach of contract and damages claim against Sponseller, and an unjust enrichment claim against Bloniarz. Further, Home Savings filed an answer, asserting that, as the mortgage lender, they also had an interest in the Bloniarz property. Finally, Bloniarz filed an answer and cross-claim, asserting several affirmative defenses and a claim against one of the three parties for undertaking their work in an unworkmanlike manner.
On October 5, 2001, Sponseller filed a "suggestion of stay" as to further proceedings, informing the court that it had filed for bankruptcy under the United States Bankruptcy Code and was subject to an automatic stay pursuant to Section 362, Title 11, U.S.Code. On the same day, Carpet Gallery filed a response in opposition to the suggestion of stay, arguing that the court should stay only the matters that pertained to Sponseller and not the remaining issues in the case. On October 19, 2001, the trial court held that all of the claims at issue pertained to the claims asserted against Sponseller and that, therefore, the entire action should be stayed as to all parties. This appeal followed.
Carpet Gallery asserts a single assignment of error for review:
 Assignment of Error "THE TRIAL COURT ERRED IN STAYING THE CASE BELOW AGAINST ALL DEFENDANTS MERELY BECAUSE ONE DEFENDANT, SPONSELLER BUILDERS, INC., HAS DECLARED BANKRUPTCY."
In its assignment of error, Carpet Gallery asserts that the trial court erred in staying the entire action as to all parties and claims when only Sponseller had declared bankruptcy. We agree.
"The imposition of the automatic stay [under Section 362 of the federal Bankruptcy Code] prohibits the court from proceeding with the merits of a case pending before it where that action seeks to collect a claim against the bankruptcy petitioner." Donovan v. Sunmark Industries, Inc. (1983),10 Ohio App.3d 219, 221. Notably, however, the automatic stay provisions of Section 362, Title 11, U.S. Code, extend only to the debtor who has filed bankruptcy proceedings, not to other non-bankrupt co-defendants.Cardinal Fed. S. L. Assn. v. Flugum (1983), 10 Ohio App.3d 243, 245.
"The determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion." State ex rel. Verhovec v. Mascio
(1998), 81 Ohio St.3d 334, 336. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 552.
While case law has held that it is not an abuse of discretion for a trial court to stay an action as to all parties when there is a sufficient identity of interest between bankrupt and non-bankrupt parties, see, generally, Sorg v. Montgomery Ward Co., Inc. (June 30, 1999), 6th Dist. No. E-98-057, in the present case, the claims are not so interrelated that judicial economy outweighs the specific interests of the non-bankrupt parties in allowing their claims to proceed. Simply because all of the claims at issue arise out of the same subject matter as the claims asserted against Sponseller, the claims relating to the non-bankrupt parties are not prevented from going forward.
Carpet Gallery's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
WHITMORE, J. CONCURS, BAIRD, P.J. DISSENTS.