JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Victor Lowenborg, Dec'd., et al. ("Lowenborg"), appeal from the trial court's granting defendants-appellants, Oglebay Norton Company's, et al. ("Oglebay"), motion to dismiss, and the trial court's denial of Lowenborg's Civ.R. 60(B) motion to vacate judgment.[1] We find no merit to the appeal and affirm.
 {¶ 2} In 2002, Lowenborg was employed by Oglebay as a marine engineer. On June 18, 2002, Lowenborg was injured in a fire while working aboard one of the company's ships. He filed a complaint in Case No. CV-484037 against Oglebay pursuant to the Jones Act, 46 U.S.C. App. § 688, and general maritime law. The parties agree that this type of claim is governed by a three-year statute of limitations, which began running on the date of the fire.
 {¶ 3} At the final pretrial, the court denied Oglebay's motion to continue the trial date. Lowenborg's counsel alleges that, at this pretrial, the trial court directed him to dismiss the complaint and refile the case within one year. Counsel for Lowenborg signed a voluntary dismissal of the complaint and the case was dismissed without prejudice. The journal entry dismissing the complaint contained no mention of a time limitation for refiling the case. Four months later, Oglebay filed for bankruptcy protection in federal court, and the bankruptcy court issued an *Page 3 
automatic stay. Lowenborg filed his proof of claim in the bankruptcy court and also moved for relief from the stay so that he could refile his case in state court.
 {¶ 4} In October 2004, although the bankruptcy court had not yet ruled on his motion for relief, Lowenborg refiled his complaint in state court in Case No. CV-545533, allegedly because the one-year time limitation for refiling was about to expire. After receiving notice of the complaint, Oglebay notified the trial court of the bankruptcy stay. In January 2005, Oglebay emerged from bankruptcy protection and the company notified the trial court that the stay had been lifted.
 {¶ 5} On June 14, 2005, Oglebay answered the complaint and asserted as a defense that Lowenborg's complaint was void because it had been filed during the bankruptcy stay. On June 18, 2005, the applicable statute of limitations in the case expired, as it had been three years since the injury occurred.
 {¶ 6} In November 2005, Oglebay moved to dismiss or to strike the complaint, arguing that Lowenborg's complaint was void because it was filed while the stay was in effect. Lowenborg filed a motion for relief from judgment in the first case, which had been dismissed without prejudice. The trial court denied Lowenborg's motion and granted Oglebay's motion to dismiss in the refiled action.
 {¶ 7} Lowenborg appeals the two decisions, which we have consolidated.
 {¶ 8} In his appeal, Lowenborg raises two assignments of error for our review. Civ.R. 60(B) Motion for Relief from Judgment — Case No.CV-484037 *Page 4 
 {¶ 9} In the first assignment of error, Lowenborg argues that the trial court erred in denying his motion for relief from judgment.
 {¶ 10} Civ.R. 60(B), which governs relief from judgment or orders of the court, states in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * *; or (5) any other reason justifying relief from the judgment."
 {¶ 11} The trial court has the discretion to decide whether relief should be granted pursuant to Civ.R. 60, and its decision will not be reversed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Hopkins v. QualityChevrolet, Inc. (1992), 79 Ohio App.3d 578, 581, 607 N.E.2d 914. In the instant case, the trial court denied Lowenborg's motion, finding that it did not have the authority to vacate a voluntary dismissal.
 {¶ 12} A trial court may not vacate a voluntary dismissal without prejudice because this type of dismissal is not a final judgment within the meaning of Civ.R. 60(B):
 "Civ. R. 60(B) is restrictive in that it permits the court to grant relief only from certain `final judgments], order[s], or proceeding[s].' Under Civ. R. 41(A)(1), plaintiff's notice of dismissal does not operate `as an adjudication upon the *Page 5 
merits' because plaintiff had not previously `dismissed in any court, an action based on * * * the same claim,' and because the notice of dismissal did not `otherwise' state that it should so operate. As such, it is not a final judicial determination from which Civ. R. 60(B) can afford relief."
Hensley v. Henry (1980), 61 Ohio St.2d 277, 279, 400 N.E.2d 1352; see also State ex rel. Northpoint Props., Inc. v. Markus, Cuyahoga App. No. 82848, 2003-Ohio-5252 (applying Hensley).
 {¶ 13} Lowenborg first argues that the trial court should have vacated the voluntary dismissal based on our holding in Cerney v. Norfolk W.Ry. (1995), 104 Ohio App.3d 482, 662 N.E.2d 827. In Cerney, we upheld a trial court's decision to grant relief from judgment pursuant to Civ.R. 60(B)(5). The plaintiff in that case voluntarily dismissed his complaint at the trial court's urging, only to discover that he could not refile his complaint because the statute of limitations had already expired at the time of the dismissal. We found that the trial court did not abuse its discretion in granting equitable relief because the plaintiff had no available remedy at the time of the dismissal.
 {¶ 14} Although the operative facts in Cerney are somewhat similar to the instant case, we find key distinctions. In both cases, counsel allegedly dismissed the complaint at the urging of the trial court, but in Cerney, counsel's mistake was that the statute of limitations had expired before the complaint was dismissed. Thus, there could be no refiling and no hearing on the merits, and the mistake by Cerney's counsel could not be otherwise remedied. In the instant case, the statute of *Page 6 
limitations had not expired at the time the complaint was dismissed, and Lowenborg had ample opportunity to refile the complaint. Moreover, counsel's mistake was not in dismissing the complaint, but in refiling it during the bankruptcy stay.
 {¶ 15} Additionally, in Cerney, the defendant did not raise the issue regarding the voluntary dismissal not constituting a final judgment; thus, we never considered the foundational question of whether the voluntary dismissal was a final judgment from which Civ.R. 60(B) relief applied.
 {¶ 16} Lowenborg next argues that Hensley does not apply because the dismissal was not voluntary. We find no merit to this argument.
 {¶ 17} Lowenborg's counsel averred that the court directed him to dismiss the complaint and refile it within one year. However, the cause of action was governed by a three-year statute of limitations, which expired in June 2005, almost eight months after the one-year deadline. Lowenborg concedes that the trial court erred in suggesting a one-year deadline because the court did not have the authority to shorten the statute of limitations by ordering him to refile within one year. Lowenborg also concedes that counsel "was mistaken to rely on what the court said in chambers because the court did not thereafter add the one-year filing requirement" to the court's journal entry dismissing the case. Lowenborg argues that it "is wise to follow the verbal orde[r] of the court even if it has not actually been reduced to writing." *Page 7 
 {¶ 18} A court speaks through its journal. State v. King,70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903. The journal entry dismissing this first complaint made no mention of a one-year time limit for refiling. Even if the trial court had instructed Lowenborg that he had one year in which to refile his complaint, the trial court did not have the authority to in effect shorten the statute of limitations.
 {¶ 19} Although the trial court would have been incorrect to impose a one-year limit on refiling, Lowenborg's counsel cannot excuse his actions based on the trial court's mistake. It is counsel's duty to know and follow the applicable law. Further, it is incumbent on counsel to "exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.]"Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 298, 549 N.E.2d 1202. Counsel in the instant case does not allege that he was unaware of the applicable statute of limitations, but rather he thought it wise to follow the court's instructions because "judges usually * * * expect the parties to obey their orders." Notwithstanding counsel's opinion on following the court's instructions, we find controlling the fact that Lowenborg signed a voluntary dismissal, and the alleged one-year time limitation for refiling was never made a part of the journal entry. *Page 8 
 {¶ 20} Based on the foregoing, we find that the dismissal was voluntary, and we agree with the trial court that it did not have jurisdiction to vacate the dismissal of the original complaint.
 {¶ 21} Therefore, the first assignment of error is overruled.
 Motion to Dismiss — Case No. CV-545533 {¶ 22} In the second assignment of error, Lowenborg argues that the trial court erred in granting the motion to dismiss in the refiled action.
 {¶ 23} The trial court granted Oglebay's motion to dismiss, finding that the refiled complaint was void and of no legal effect because it had been filed during the bankruptcy stay. When reviewing a lower court's decision to grant a motion to dismiss, we employ a de novo standard of review. Perrysburg Twp. v. City of Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44.
 {¶ 24} Section 362(a)(1) of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation * * * of a judicial * * * action or proceeding against the debtor that was or could have been commenced" before the debtor filed for protection under the bankruptcy laws.11 U.S.C. § 362(a)(1). Thus, a bankruptcy petition operates to stay the commencement of any judicial proceeding, including the filing of a complaint in state court. *Page 9 
 {¶ 25} The Bankruptcy Code provides a process whereby a creditor can file a motion for relief and the bankruptcy court may modify the stay to allow an action against the debtor. 11 U.S.C. § 362(d). Additionally,11 U.S.C. § 108(c) extends a creditor's right to file suit for thirty days after a stay is lifted, thus protecting the claimant even if the applicable statute of limitations has expired.
 {¶ 26} Lowenborg first argues that the Ohio "Savings Statute" preserves his refiled complaint so that the date of refiling actually dates back to the filing of the original complaint.[2] In other words, Lowenborg claims that the savings statute operates so that the complaint was pending as of the original filing date as if it were never dismissed and refiled. Thus, Lowenborg argues, the case was still pending when Oglebay filed for bankruptcy protection and the court erred in dismissing the complaint.
 {¶ 27} In Burnett v. New York Central Railway Company (1965),380 U.S. 424, 13 L. Ed.2d 941, 85 S. Ct. 1050, the United States Supreme Court held that the Ohio Savings Statute could not be used to extend the statute of limitations for claims *Page 10 
brought under the Federal Employers' Liability Act ("FELA"). Because the Jones Act incorporates by reference the statute of limitations for FELA (45 U.S.C. § 56), the Ohio Savings Statute cannot likewise be used to extend the statute of limitations for claims brought under the Jones Act. Thus, we find the Ohio Savings Statute inapplicable to the instant case.
 {¶ 28} Even if the Savings Statute did apply to this type of action, it would not apply in this case because the Savings Statute cannot operate to extend the statute of limitations when an action is dismissed before the statute of limitations has expired. See Evans v. RegionalTransit Auth. (Aug. 26, 1993), Cuyahoga App. No. 63481. Lowenborg had more time remaining to refile under the three-year statute of limitations than merely the one year under the Savings Statute.
 {¶ 29} Lowenborg next argues that the doctrine of equitable estoppel should apply to the instant case. He contends that an action commenced during a bankruptcy stay is voidable, not void. Furthermore, he urges us to adopt a rule that equitable relief can be used by a trial court to allow a complaint to be validly filed notwithstanding the bankruptcy stay.
 {¶ 30} This court has previously held that any act taken in violation of an automatic bankruptcy stay is void and of no legal effect.Donovan v. Sunmark Industries (1983), 10 Ohio App.3d 219,461 N.E.2d 321; Jelm v. Malzeke (Feb. 4, 1993), Cuyahoga App. No. 64720. A complaint filed during such a stay may be dismissed without retention of jurisdiction, even if the plaintiff is unaware of the *Page 11 
bankruptcy filing. Barnette v. Lazarus Dept. Stores, Franklin App. No. 90AP-1177, citing Fields v. Demint (W.D. Mo. 1989), 107 Bankr. 194. Thus, if a complaint is filed during the pendency of the stay, it is void and the trial court may strike it. Id.
 {¶ 31} Lowenborg cites Roseman v. Roseman (Dec. 9, 1993), 6th Cir., No. 93-5099 [1993 U.S. App. LEXIS 32307], to support the position that his complaint should be considered validly filed for equitable reasons. In Roseman, the court allowed an equitable exception because the debtor failed to notify the court of the bankruptcy filing and actively participated in the case despite the stay. Even if this court were to adopt the minority position taken inRoseman, which we decline to do, we find that case inapplicable. Indeed, the Sixth Circuit's view protects creditors only in situations where (1) the debtor unreasonably withholds notice of the stay, and the creditor would be prejudiced if the debtor is able to raise the stay as a defense; or (2) the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result in state court. Curtis v.Payton (Feb. 5, 1999), Greene App. No. 98-CA-49, citing Easley v.Pettibone Michigan Corp. (C.A. 6, 1993), 990 F.2d 905, 911; see alsoRoseman, supra.
 {¶ 32} Although we do not rule out the possibility of recognizing an equitable exception to a bankruptcy stay in the limited circumstance where justice so requires, the facts of the instant case clearly show that Lowenborg is not entitled to such an exception. *Page 12 
 {¶ 33} Shortly after Lowenborg refiled his complaint, Oglebay notified the trial court that it had filed for bankruptcy and a stay was in effect. The court journalized this notice. Oglebay further notified the court when the stay was lifted and promptly filed its answer to the complaint. As one of its stated defenses, Oglebay asserted that Lowenborg had filed his complaint in violation of the bankruptcy stay.
 {¶ 34} Lowenborg, however, commenced the current action without the bankruptcy court's authorization. Although he filed a motion with the bankruptcy court seeking relief from the stay, he refiled his complaint before the court ruled on the motion.[3] And because the stay was still in effect, his complaint was rendered void. Moreover, the statute of limitations did not expire until five months after the stay was lifted, allowing him ample opportunity to file a valid complaint. Even if the statute of limitations had expired before the stay was lifted, he would have had an additional thirty days in which to file his complaint.11 U.S.C. § 108(c).
 {¶ 35} As we stated within the first assignment of error, Lowenborg had until the statute of limitations expired to refile his complaint, despite the trial court's alleged erroneous instructions. Although Lowenborg may have been genuinely attempting to comply with what he thought the court had ordered, his mistake in choosing when to refile does not excuse his refiling the complaint during the *Page 13 
bankruptcy stay. Lowenborg's counsel is charged with knowing the law applicable to his own case, and equitable estoppel will not be employed in this case to correct counsel's mistake.
 {¶ 36} Thus, we agree with the trial court that Lowenborg's refiled complaint is void and of no legal effect and the second assignment of error is overruled.
 {¶ 37} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Victor Lowenborg died in March 2006, and his wife, Sharon, was substituted as the party plaintiff. For purposes of this appeal, we will refer to Victor Lowenborg when mentioning the plaintiff.
[2] The "Savings Statute," R.C. 2305.19, provides:
 "(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiffs failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."
[3] The record does not reflect whether the bankruptcy court ever ruled on Lowenborg's motion for relief. *Page 1